# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Lisa Fusco, | ) | |
| | ) | |
| | ) | Civil Action No.: 9:20-cv-01545-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 18.) The Report addresses Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 18.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-18.) As brief background, in March 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claims for DIB and SSI. (ECF No. 10-1 at 24, 28.)

1

The ALJ determined Plaintiff had the severe impairments of "migraines, bipolar disorder, depression, attention deficit hyperactivity disorder, anxiety, lumbar pars defect, connective tissue disease and fibromyalgia[.]" (*Id.* at 29.) Yet, the ALJ found Plaintiff had the RFC to "perform light work . . . except that she can: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand six hours in an eight-hour workday; walk six hours in an eight-hour workday; sit six hours in an eight hour workday; occasionally climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling, frequent fingering and handling; avoid concentrated exposure to hazards; simple one to two step tasks with a reasoning level of up to, and including, three; and can perform work on a sustained basis eight hours a day, five days a week in two-hour increments, with normal breaks in an eight-hour day." (*Id.* at 34.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 6-8.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action in April 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. In particular, the Magistrate Judge found the ALJ did not properly consider Plaintiff's pain or fatigue due to fibromyalgia. (ECF No. 18 at 13-14.) The Magistrate Judge observed despite "not[ing] Plaintiff's testimony and reports regarding her fatigue and pain and the many medical records documenting Plaintiff's repeated complaints of fatigue over the course of the two-year period leading up to the hearing," the ALJ determined, without adequate explanation, that Plaintiff

2

"can walk, sit, and stand six hours a day and perform work on a sustained basis eight hours a day, five days a week." (*Id.* at 14.) The ALJ concluded Plaintiff's recited symptoms were not "entirely consistent with the medical record," but did not explain how Plaintiff's symptoms guided this conclusion. (*Id.*) The Magistrate Judge found, for instance, that the ALJ relied on Plaintiff's ability to perform a litany of daily activities, such as "warm frozen meals, make sandwiches, drive a car, walk when she goes out, and care, with assistance, for her pets and teenage children," but failed to explain how these activities led him to conclude Plaintiff could "persist through an eight-hour workday" or how they were inconsistent with her reports of severe pain and fatigue. (*Id.* at 15.) In support, the Magistrate Judge noted the Fourth Circuit's recent determination that a "claimant's inability to sustain full-time work due to pain and other symptoms" can nonetheless be "consistent with her ability to carry out daily activities." (*Id.* quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (4th Cir. 2020).) The Magistrate Judge posited while it may be possible for the ALJ to explain the conclusion "Plaintiff can sustain work for an eight-hour workday despite her reports of pain and fatigue," his failure to do so impairs the district court's ability to "undertake meaningful review." (*Id.* at 16.)

Lastly, the Magistrate Judge observed the ALJ applied an incorrect legal standard when he "relied upon any lack of objective evidence to discount Plaintiff's subjective statements of fibromyalgia pain and fatigue." (*Id.*) The Magistrate Judge emphasized longstanding Fourth Circuit law permitting a claimant to "rely exclusively on subjective evidence" to prove her symptoms prevent her from completing a full workday. (*Id.* quoting *Arakas*, 983 F.3d at 96 (internal quotations omitted).) The Magistrate Judge concluded the ALJ misapplied this legal standard when he stated "objective medical evidence also does not support the degree of limitation alleged." (*Id.* at 17.) Ultimately, the Magistrate Judge determined because the ALJ did not explain

3

how the medical evidence was incorporated in the RFC, the ALJ "did, in fact, conclude there was an inconsistency between Plaintiff's subjective complaints and her treatment record and discounted her complaints based on that inconsistency." (*Id.*) At bottom, the Magistrate Judge concluded remand was necessary because "the ALJ applied an incorrect legal standard and failed to comply with the provisions of SSRs 96-8p and 16-3p in assessing Plaintiff's statements and her RFC." (*Id.* at 18.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 19.) In July 2021, the Commissioner informed the court he would not offer objections. (ECF No. 19.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or

4

modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 18 at 10-19.) The Commissioner notified the court he will not file objections (ECF No. 19) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 18, 2021
Columbia, South Carolina